367 S.E.2d 772

## COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR

v.

### William HAZLETT.

No. 18237.

Supreme Court of Appeals of West Virginia.

March 31, 1988.

Jack M. Marden, Sherri Goodman Dusic, Charleston, for Committee on Legal Ethics of the WV State Bar.

James McIntyre, Charleston, for William Hazlett.

## BROTHERTON, Justice:

This disciplinary proceeding is before us as a result of a complaint filed by the Committee on Legal Ethics of the West Virginia State Bar against the respondent, William Hazlett, a member of the West Virginia State Bar. The Committee recommends that this Court publicly reprimand the respondent for violations of DR 6–102(A) and DR 2–110(A)(2) of the West Virginia Code of Professional Responsibility.

On July 22, 1977, John and Evelyn Baldwin retained the respondent to represent them in a personal injury action resulting from an automobile accident in which the Baldwin car was rear-ended by another automobile. The Baldwins grew dissatisfied with Mr. Hazlett's representation and felt that he was taking too long to prosecute the case. By letter dated January 18, 1982, John Baldwin informed Mr. Hazlett that he would seek other counsel and requested that the file be returned to him within 15 days or he would "be forced to get my file by reporting this to the proper people." Mr. Hazlett, however, continued to represent the Baldwins.

In the beginning of 1984, the Baldwins were again dissatisfied that there had been no further developments in the litigation. They consulted with other attorneys regarding new representation and the termination of Mr. Hazlett's services. By letter dated March 15, 1984, one of these attorneys, Michael Crane, requested that Mr. Hazlett forward the file to him for review.

By letter dated March 21, 1984, Mr. Hazlett responded to Mr. Crane that he understood from Mr. Baldwin that another attorney, Mr. Ciccarello, would be the new attorney, and requested that the Baldwins execute a general release before he would provide Mr. Crane with any portion of the Baldwins' file. Mr. Hazlett wrote:

I was previously informed by Mr. Baldwin that Mr. Ciccarello was his present choice of attorneys and Tom confirmed that by a telephone conversation some 3 or 4 weeks ago. Since then I have been trying to contact Tom for the purposes of having him prepare a release in my favor of any and all liability of any kind, nature, etc. so on and so forth before I was to turn the file over to him.

Since you are now Mr. Baldwin's choice as attorney to succeed me, I request that you likewise prepare such a general release for execution by Mr. Baldwin and his wife, and when the same has been done, I will make arrangements to meet with you and provide you with such portions of the file as I think you should have, keeping such portions of the file as I may require.

Mr. Crane prepared the following release:

### RELEASE

We, the undersigned, in consideration for returning our legal papers, hereby release Mr. William H. Hazlett from any liability of any kind and notion arising out of his representation of us in that certain personal injury action designated Civil Action No. _____, and on file in the Circuit Court of Kanawha County.

EVELYN BALDWIN

JOHN MONROE BALDWIN

The Baldwins, however, decided not to sign it after Mr. Crane informed Kenny Baldwin (Mr. Baldwin's son) that in his opinion the release might prevent the Baldwins from pursuing a malpractice claim against Mr. Hazlett. Mr. Hazlett testified that he never saw the release, and, in fact, that there was no further communication between Mr. Crane and himself concerning the release or who represented the Baldwins. According to Mr. Hazlett, his next communication with a member of the Baldwin family con-

cerning the case occurred over a year later, in June, 1985. At that time, Kenny Baldwin contacted Mr. Hazlett requesting that a trial date be set. Mr. Hazlett obtained a January 27, 1986, trial date, but on the eve of trial Mr. Hazlett settled with the defendant's counsel for $2,000.

The Baldwins subsequently filed an ethics complaint with the Committee. Following Mr. Hazlett's response and an investigation, a formal hearing was conducted on June 24, 1987, before a Hearing Subcommittee. Following a report filed by the Subcommittee, the full hearing panel for the Committee on Legal Ethics issued Findings of Fact, Conclusions of Law and Recommendation Concerning Discipline on December 9, 1987. The Committee filed a complaint with this Court on January 12, 1988.

In its complaint, the Committee asserts that Mr. Hazlett violated DR 6–102(A) and DR 2–110(A)(2) when he refused to withdraw from the case and turn the file over to another attorney in the absence of a general release executed by the Baldwins. DR 6–102(A) provides:

> A lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice.

We find that a lawyer's request for release from personal liability before turning over a client's file violates DR 6–102(A) of the West Virginia Code of Professional Responsibility. Therefore, Mr. Hazlett's request for a release from the Baldwins was an attempt to exonerate himself from or limit his liability for personal malpractice in violation of DR 6–102(A).

DR 2–110 governs a lawyer's conduct upon withdrawal from employment. DR 2–110(A)(2) provides:

> In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

Nothing in the record indicates that Mr. Hazlett withdrew, formally or informally, from the Baldwin's case. Although the Baldwins expressed their desire to terminate Mr. Hazlett's representation and seek other counsel, Mr. Hazlett, in fact, continued to represent the Baldwins up until the time the Circuit Court of Kanawha County dismissed the case. We, therefore, on the facts before us, do not find that Mr. Hazlett's conduct violated DR 2–110(A)(2).

The respondent, therefore, is hereby publicly reprimanded for violating DR 6–102(A) of the West Virginia Code of Professional Responsibility. The respondent is also ordered to reimburse the Committee for the actual and necessary expenses incurred by it in connection with this proceeding. *See State Bar Bylaws*, art. VI, § 20 (1986); *Committee on Legal Ethics v. Tatterson*, 177 W.Va. 356, 352 S.E.2d 107 (1986).

Public reprimand.